103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sandra Jeannette MENJIVAR, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70315.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 6, 1996.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Arv-tzu-ywr.
 BIA
 REVIEW DENIED.
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sandra Jeannette Menjivar, a native and citizen of El Salvador, petitions pro se for review of the decision of the Board Of Immigration Appeals ("BIA") affirming the immigration judges's ("IJ") order denying her application for asylum and withholding of deportation under section 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105(a), and deny the petition.
 
 
 3
 Where the BIA reviews the IJ's decision de novo, we are limited to reviewing the decision of the BIA. Acewicz v. INS, 984 F.2d 1056, 1059 (9th Cir.1993). We review for "substantial evidence" the BIA's determination of eligibility for asylum. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995). This means that the BIA's eligibility determination "must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (internal citation and quotation omitted).
 
 
 4
 Menjivar contends that the BIA erred by finding that she did not establish past persecution or a well founded fear of future persecution on account of political opinion. This contention lacks merit.
 
 
 5
 A two step inquiry is required in evaluating requests for asylum: whether the applicant is eligible for asylum and whether an eligible applicant is entitled to asylum as a matter of discretion. Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). To establish eligibility for asylum, an applicant must demonstrate that he or she has suffered past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group or political opinion. See 8 U.S.C. §§ 1101(a)(42)(A), 1158(a); Lopez-Galarza v. INS, No. 94-70683, slip op., 14707, 14715 (9th Cir. Nov. 8, 1996). To establish a well-founded fear of persecution, the petitioner bears the burden of showing both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz, 984 F.2d at 1061. The objective component requires a showing by "credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Id. To obtain a reversal, an applicant must show that her evidence "was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Aruta v. INS, 80 F.3d 1389, 1393 (9th Cir.1996) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992)).
 
 
 6
 Menjivar testified that while attending the University of El Salvador, she was a member of a student group aligned with the National Republican Alliance ("ARENA") party. Menjivar also testified that because of her membership in this group she received six death threats between June 1990 and November 1991 from the FLP a student organization associated with the Frente Farabundo Marti para la Liberacion National ("FMLN"), a leftist guerilla group in opposition to the ARENA party. In addition, Menjivar testified that she was followed home by two members of the FPL group, but she was never accosted or physically harmed. Menjivar testified that the extent of her involvement with the student organization was cleaning graffiti and handing out leaflets. Menjivar did not leave El Salvador until a year after she received the last threat. The BIA held that these incidents did not constitute persecution. The BIA also noted that given the changed circumstance in El Salvador, Menjivar did not have an objectively reasonable fear of future persecution.[1]
 
 
 7
 We agree that these incidents do not rise to the level of persecution, and affirm the BIA's conclusion that Menjivar failed to establish either past persecution or an objectively reasonable fear of future persecution. See Aruta, 80 F.3d at 1396; Acewicz, 984 F.2d at 1061. Because the standard for withholding of deportation is higher than the standard for grant of asylum and because Menjivar did not meet the lower standard for grant of asylum, we affirm the BIA's denial of Menjivar's request for withholding of deportation. See Aruta, 80 F.3d at 1396; Acewicz, 984 F.2d at 1062.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In 1992, a peace treaty, which ended a twelve-year civil war, was negotiated between the government and the FMLN. See Department of State, Country Reports on Human Rights Practices for 1994, at 390 (1994). "El Salvador is a constitutional, multiparty democracy with an executive branch headed by a president, a unicameral national assembly, and a separate politically appointed judiciary." Id. On June 1, 1994, Armando Calderon Sol of the ARENA party was elected president for a five-year term in a free, fair, and nonviolent election process, with the FMLN emerging as the major opposition party. Id